**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| CONFLUENCE,<br>Plaintiff,<br><br>      vs.<br><br>CONFLUENCE COMPANIES, LLC,<br>Defendant. | Civil Action No. 16-264<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff, Confluence, by and through its undersigned attorneys for its complaint against Confluence Companies, LLC ("Confluence Companies") allege as follows:

### PARTIES

1.      Plaintiff, Confluence is an Iowa corporation with a principal place of business at 525 17th Street, Des Moines, Iowa 50309.

2.      Upon information and belief, Defendant, Confluence Companies, is a Colorado Corporation, with a principal place of business located at 15710 W. Colfax Ave, Suite 202, Golden, Colorado 80401.

### JURISDICTION AND VENUE

3.      This action arises under the Acts of Congress under the Lanham Act, 15 U.S.C. § 1051, et seq.  As such, this Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

4.      This Court has subject matter jurisdiction under the provisions of 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.

5.      This Court may exercise personal jurisdiction over Defendant.  Upon information and belief, a substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.

6.      This court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## PLAINTIFFS' BUSINESS AND TRADEMARK RIGHTS

8.      Confluence is a company that professionally consults in the fields of landscape architecture, urban planning, and urban design throughout the Midwest.

9.      Confluence owns and uses in commerce the distinctive mark CONFLUENCE, U.S. Registration No. 3,612,235 for "professional consulting in the fields of landscape architecture, urban planning, and urban design" (hereinafter "the '235 Registration").

10.     Confluence has been using the CONFLUENCE mark since at least as early as July 7, 2008, in conjunction with its professional consulting services.

11.     Confluence starting in 2008 has continuously used the CONFLUENCE mark in association with its professional consulting.

12.     Confluence has spent significant time, money, and effort in developing the recognition of its CONFLUENCE mark and related services.

## DEFENDANT'S UNLAWFUL CONDUCT

13.     Confluence Companies has been operating in Colorado under the Confluence Companies name.

14.     Confluence Companies is used in association professional consulting services in the area of architecture, design, and land development.

15.     Confluence Companies has a website at www.confluenceco.com where Confluence Companies advertises its services including professional consulting in the areas of architecture, design, and land development.

16.     The advertising and promotion of professional consulting services by Confluence Companies has created a likelihood of confusion between their services and the '235 Registration.

## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

17.     Confluence repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

18.     This cause of action is for trademark infringement pursuant to 15 U.S.C. § 1114, et seq.

19.     Defendant's use and continued use of the mark CONFLUENCE in advertising is likely to cause confusion or mistake amongst, or likely to mislead and/or deceive prospective consumers with respect to the origin and quality of Confluence Companies services, and Confluence has been and is likely to be damaged by such actions.

20.     Confluence Companies targets the same consumer base as Confluence.

21.     Confluence's goodwill is extremely valuable, and Confluence Companies' continued unauthorized use of the CONFLUENCE mark is detrimental to Confluence.

22.     Confluence Companies has not received authorization or permission from Confluence to continue using the CONFLUENCE mark.  Similarly, Confluence has not acquiesced to Confluence Companies' use of the CONFLUENCE mark.

23.     As a result of Confluence Companies' unlawful conduct, Confluence has suffered, and will continue to suffer, substantial damages.  Under 15 U.S.C. § 1117(a) Confluence is

entitled to recover damages, which include any and all profits Confluence Studio has made as a result of their unlawful conduct.

24.     Confluence is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). Confluence has no adequate remedy at law for Confluence Companies' unlawful conduct because, among other things, (a) Confluence's trademark is unique and valuable property which has no readily determinable market value, (b) Confluence Companies' infringement constitutes harm to Confluence such that Confluence could not be made whole by any monetary reward, (c) if Confluence Companies' unlawful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Confluence Companies' unlawful conduct, and the resulting damage to Confluence, is continuing.

25.     Confluence is also entitled to an order compelling the impounding of all infringing materials being used, offered, marketed, or distributed by Confluence Companies.

26.     Confluence is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

Wherefore, Confluence prays for relief against Confluence Companies as follows:

1.     That the Court permanently enjoin and restrain Confluence Companies, its officers, directors, agents, employees and all persons in active concert or participation with it who receives actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

> A.     infringing or contributing to the infringement of the CONFLUENCE mark;

      B.     engaging in any acts or activities directly or indirectly calculated to infringe the CONFLUENCE mark;

      C.     using any designation, term, marks, slogan, logo, configuration or design that is confusingly similar to the CONFLUENCE mark.

2.     That the Court enter an order pursuant to 15 U.S.C. § 1116(d)(1)(A) impounding all counterfeit and infringing materials bearing the CONFLUENCE mark.

3.     Awarding Confluence its actual damages arising out of Confluence Companies' acts of trademark infringement.

4.     Awarding Confluence its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a).

5.     Directing such other action as the Court may deem appropriate to prevent the public from deriving the erroneous impressions that any services offered, advertised, or promoted by, or on behalf of Confluence Companies is authorized by Confluence or related in any way to Confluence's services.

6.     Directing Confluence Companies to file with the Court and serve upon Confluence's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

7.     That the Court grant Confluence such other relief as is just and proper.

## JURY TRIAL DEMAND

COMES NOW the Plaintiff and hereby demands a trial by jury of all issues herein.

Dated:  May 27, 2016.

By:     /s/Timothy J. Zarley
        Timothy J. Zarley
        Iowa Bar No. 15785
        ZARLEY LAW FIRM, P.L.C.
        400 Locust Street
        Capital Square, Suite 200
        Des Moines, IA 50309-2350
        Telephone:  (515) 558-0200
        Facsimile:  (515) 558-7790
        E-mail address:  tzarley@zarleylaw.com

        **Attorney For Plaintiff Confluence**